United States District Court
Southern District of Texas

**ENTERED**

January 12, 2024

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, A/S/O AMBER NORMAN, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-23-4332 |
| LG ELECTRONICS U.S.A., INC., USEONG ELECTRO MECHANICS CO., LTD., AND USEONG ELECTRO MECHANICS (THAILAND) CO., LTD., | § § § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Allstate Vehicle and Property Insurance Company ("Plaintiff" or "Allstate"), as subrogee of Amber Norman, initiated this action on October 13, 2023, by filing Plaintiff's Original Petition ("Plaintiff's Original Petition") in the 457th Judicial District Court of Montgomery County, Texas, Cause No. 23-10-15381, against Defendants, LG Electronics U.S.A., Inc. ("LG Electronics"), Useong Electro Mechanics Co., Ltd. ("Useong Korea"), and Useong Electro Mechanics (Thailand) Co., Ltd. ("Useong Thailand") (collectively, "Defendants"), asserting causes of action for strict liability, negligence, breach of express and implied warranty, and malfunction theory/res-ipsa loquitur.[1]  Allstate seeks redress for

---

[1] Plaintiff's Original Petition, Exhibit 2 to Notice of Removal, Docket Entry No. 1-3, pp. 7-16.  All page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

water damage to an insured's residence caused when a washing machine allegedly manufactured by Defendants failed due to an allegedly defective valve.[2]  On November 17, 2023, LG Electronics filed a Notice of Removal (Docket Entry No. 1) asserting:

> 2.   Plaintiff is now, and was at the time of removal, and at the time of the filing of the instant lawsuit, an insurance company incorporated under the law of Illinois with its principal place of business located in Illinois.
>
> 3.   In contrast, Defendant is now, and was at the time of removal, and at the time of the filing of the instant lawsuit, a Delaware corporation with its principal place of business located in Englewood Cliffs, New Jersey.[3]

Pending before the court is Plaintiff's Motion to Remand (Docket Entry No. 8) in which plaintiff asserts that

> [b]oth Useong [(Korea)] and Useong (Thailand) were properly served through the Texas Secretary of State, as permitted by Tex. R. Civ. P. 108a and Tex. Civ. Pract. & Rem. Code §§ 17.044(a), (b) and 82.003(c), before LG filed its Notice of Removal.  Useong (Thailand) was also served with process under Tex. R. Civ. P. 108a by Registered Mail, Return Receipt Requested, because Thailand is not a signatory to the Hague Service Convention.  Even if the Court finds that service of the two foreign defendants through the Texas Secretary of State was insufficient, at the very least, Useong (Thailand) was properly served with process under Tex. R. Civ. P. 108a on November 2, 2023, two weeks before LG [Electronics] filed its Notice of Removal.  Because LG

---

[2]Id. at 11.

[3]Defendant LG Electronics U.S.A., Inc's Notice of Removal ("Notice of Removal"), Docket Entry No. 1, pp. 1-2 ¶¶ 2-3. Although elsewhere in the Notice of Removal LG Electronics asserts that Plaintiff is a citizen of Texas, see id. at 3 ¶ 8, regardless of whether Allstate is a citizen of Illinois or Texas, the parties are diverse.

(Thailand)'s consent to the removal, in contravention of
28 U.S.C. § 1446(b)(2)(A), and because Useong (Thailand)
did not independently remove this case within thirty days
of being served with process, the case should be
remanded.[4]

Allstate seeks an order remanding this action to the 457th Judicial
District Court of Montgomery County, Texas.[5]  For the reasons
explained below, Plaintiff's Motion to Remand will be denied.

## I.    Factual and Procedural Background

Allstate alleges that as an insurance company licensed to do
business in the State of Texas, it insured a home and personal
belongings of Amber Norman located in Magnolia, Texas.[6]  Allstate
alleges that a washing machine designed, manufactured, sold, and
distributed by Defendants had a defective hot water valve assembly,
which failed and flood its insured's property.  Allstate alleges
that it adjusted and paid the claim for damages caused by failure
of the hot water valve assembly, and brings this action as subrogee
of its insured to recover what it paid for damages caused by the
Defendants' product.[7]

---

[4]Plaintiff's Motion to Remand, Docket Entry No. 8, pp. 1-2.

[5]Id. at 8.

[6]Plaintiff's Original Petition, Exhibit 2 to Notice of
Removal, Docket Entry No. 1-3, p. 8.

[7]Id. at 11.

## II.  **Plaintiff's Motion to Remand**

### A.   **Standard of Review**

Except as otherwise expressly provided by Act of Congress, a defendant or defendants in a civil action brought in state court may remove the action to federal court if the action is one over which the district courts of the United States have original jurisdiction.  28 U.S.C. § 1441.  "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."  Manguno v. Prudential Property & Casualty Insurance Co., 276 F.3d 720, 723 (5th Cir. 2002).  Because removal jurisdiction raises significant federalism concerns, the removal statute is strictly construed, "and any doubt about the propriety of removal must be resolved in favor of remand."  Gasch v. Hartford Accident & Indemnity Co., 491 F.3d 278, 281-82 (5th Cir. 2007).  "To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction outlined in 28 U.S.C. § 1332 are satisfied."  Smallwood v. Illinois Central Railroad Co., 385 F.3d 568, 572 (5th Cir. 2004) (en banc), cert. denied, 125 S. Ct. 1825 (2005).  "A case may be removed pursuant to 28 U.S.C. § 1332 if there is complete diversity of citizenship and the amount in controversy is greater than $75,000, exclusive of interests and costs."  Allen v. Walmart Stores, L.L.C., 907 F.3d 170, 183 (5th Cir. 2018).

The removal statute mandates that the removing party satisfy certain procedural requirements.  28 U.S.C. § 1446.  First, the notice of removal must be timely filed within thirty days of service of the initial complaint upon the removing defendant.  28 U.S.C. § 1446(b)(1).  In addition, the removing defendant must obtain consent from all other "defendants who have been properly joined and served."  28 U.S.C. § 1446(b)(2)(A).   Section 1446(b)(2)(A) is commonly referred to as the "rule of unanimity." See Powers v. United States, 783 F.3d 570, 576 (5th Cir. 2015). Failing to obtain such consent would render the petition defective and require remand.  See Getty Oil Corp. v. Insurance Company of North America, 841 F.2d 1254, 1262 (5th Cir. 1988).

**B.   Analysis**

Allstate argues that LG Electronics' removal was procedurally defective because LG Electronics did not obtain consent for the removal from either Useong (Korea) or Useong (Thailand). LG Electronics counters that "the rule of unanimity does not apply in this action because, at the time of removal, neither USEONG Defendant had been properly served with process under prevailing Texas law."[8]   Although LG Electronics' Notice of Removal asserts only that "Defendants USEONG Korea and USEONG Thailand . . . are

---

[8]Defendant   LG   Electronics   U.S.A.,   Inc.'s   Response   to Plaintiff's Motion to Remand ("LG Electronics' Response"), Docket Entry No. 9, p. 1.

not before the Court due to improper service through the Texas
Secretary of State rather than the Hague Service Convention,"[9] in
response to Allstate's Motion to Remand, LG Electronics explains
that defects in Allstate's service of process include the failure
to serve Useong (Korea) in accordance with the Hague Service
Convention;[10] and the lack of certificates in the state court record
to evidence service of process by the Texas Secretary of State on
either defendant.[11]

> 1.    <u>Service through the Texas Secretary of State Was
>        Defective as to Both Useong Defendants</u>

Allstate alleges that the Useong defendants do business in the
State of Texas but do not maintain registered agents for service of
process in Texas and, therefore, that Texas Civil Practice &
Remedies Code §§ 17.044(a) and (b) allow these defendants to be
served by serving the Texas Secretary of State as substitute agent
for service of process.[12]  Sections §§ 17.044(a) and (b) designate
the Texas Secretary of State as an "agent for service of process or
complaint on a nonresident who . . . engages in business in this
state, but has not designated or maintained a resident agent for

---

[9]Notice of Removal, Docket Entry No. 1, p. 3 ¶ 8.

[10]LG Electronics' Response, Docket Entry No. 9, pp. 2-3 ¶¶ 3-4.

[11]<u>Id.</u> at 3-6 ¶¶ 5-8.

[12]Plaintiff's Original Petition, Exhibit 2 to Notice of
Removal, Docket Entry No. 1-3, pp. 8-9.

service of process." Tex. Civ. Prac. & Rem. Code § 17.044(a)(1).

Allstate argues that "[t]he secretary of state was served with

process as substitute agent for both Useong [(Korea)] and Useong

(Thailand) on October 19, 2023, nearly a month before LG filed its

Notice of Removal."[13]  As evidence that the Useong defendants were

properly served with process, Allstate cites documents labeled

"Return" attached both to LG Electronics' Notice of Removal and to

Plaintiff's Motion to Remand.[14]  These Return documents show that

the citation and Plaintiff's Original Petition were received by

Assured Civil Process Agency on October 18, 2023, and that on

October 19, 2023, an authorized representative thereof executed

service on each Useong defendant

> by delivering to SECRETARY OF STATE OF TEXAS, by
> delivering to citations clerk having charge of
> Corporation Department/Statutory Documents Section of
> Secretary of State of Texas, Michelle Robinson, in
> person, true copies in duplicate of the above specified
> documents, together with Statutory Fee to the Secretary
> of State . . .[15]

Citing Hess v. Bumbo International Trust, 954 F. Supp. 2d, 590

(S.D. Tex. 2013), Allstate asserts that "LG makes no argument that

Allstate did not comply with the statutory requirements of serving

both Useong defendants through the Texas Secretary of State, only

---

[13]Plaintiff's Motion to Remand, Docket Entry No. 8, p. 3.

[14]Id. (citing Exhibits 1 and 2, Docket Entry Nos. 8-1 and 8-2. See also Exhibits 5 and 6 to Notice of Removal, Docket Entry No. 1-3, pp. 24 and 27).

[15]Exhibits 1 and 2 to Plaintiff's Motion to Remand, Docket Entry Nos. 8-1, p. 2, and 8-2, p. 2. See also Exhibits 5 and 6 to Notice of Removal, Docket Entry No. 1-3, pp. 24 and 27.

that the Useong defendants could never be served through the Texas

Secretary of State, which is not the law."[16]

In <u>Hess</u> the court rejected the trust defendant's argument that

it was not subject to service of process through the Texas

Secretary of State because it was a company headquartered in South

Africa.  The court explained that

> Federal Rule of Civil Procedure 4(h)(1) allows for
> service of process on a foreign corporation. . . Texas's
> long-arm statute provides that the secretary of state is
> an agent for a nonresident who has not designated or
> maintained a resident agent if the nonresident "is
> required by statute to designate or maintain a resident
> agent or engages in business in this state."  Tex. Civ.
> Prac. & Rem. Code Ann. § 17.044(a)(1).
>
> . . .
>
> . . . Bumbo satisfie[s] the requirements of section
> 17.044 and is amenable to service under the statute.
> Bumbo makes no argument that the Hesses did not strictly
> comply with the statutory service requirements. [See
> <u>Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind</u>, 841
> F.2d 646, 649 (5th Cir. 1988) (citations omitted)
> (requiring both that the defendant be amenable to service
> under the statute and that the plaintiff strictly comply
> with the statute.]  The Hesses' service on the secretary
> of state was thus proper . . .

<u>Id.</u> at 597.

Although LG Electronics did not state in its Notice of Removal

that Allstate failed to comply with the statutory requirements of

serving the Useong defendants through the Texas Secretary of State,

LG Electronics does make that argument in response to Allstate's

---

[16]Plaintiff's Motion to Remand, Docket Entry No. 8, pp. 3-4.

Motion to Remand.   Citing <u>Whitney v. L&L Realty Corp.</u>, 500 S.W.2d 94 (Tex. 1973), LG Electronics argues that

> serving the Secretary of State, alone, is not sufficient to give the nonresident defendant notice under Texas law; <u>only after a certificate is generated is service valid and complete.</u> . . Without such proof, which is often called a "<u>Whitney</u> certificate," Texas courts cannot exercise personal jurisdiction over the nonresident defendant. . . A <u>Whitney</u> certificate is a letter from the Texas Secretary of State <u>on its letterhead</u> notifying the parties that it has forwarded process to the nonresident defendant.[17]

In <u>Whitney,</u> the Texas Supreme Court reversed a default judgment because there was no showing in the record that the Secretary of State forwarded a copy of the process to the defendants. <u>Id.</u> at 95. The <u>Whitney</u> court explained that "a showing in the record that the Secretary of State forwarded a copy of the process is essential to establish the jurisdiction of the court over the defendants' persons.   This was not shown, and hence no jurisdiction was acquired over the defendants." <u>Id.</u> at 96.   <u>See also U.S. Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2005-EFC2 v. Moss,</u> 644 S.W.3d 130, 132 n. 2 (Tex. 2022) ("[T]he record before the trial court must contain a certificate from the Secretary showing that it forwarded a copy of the citation to the defendant. Without that showing, the trial court [does] not have jurisdiction over the defendant.").

---

[17]LG Electronics' Response, Docket Entry No. 9, p. 3 ¶ 5.

Allstate's original petition alleges that the Useong defendants are foreign companies doing business in Texas with no assigned agent for service of process in Texas.  Because neither Useong defendant had an assigned agent for service of process, Allstate attempted to serve both of these defendants through the Texas Secretary of State as substitute agent for service of process.  Although the record shows that service was made to the Texas Secretary of State for both of the Useong defendants, there is no evidence in the record that the Secretary of State forwarded service to either of these defendant.  Absent a certificate from the Texas Secretary of State showing that service was forwarded to the Useong defendants before the date of removal, the Useong defendants were not properly served on that date and LG Electronics was not required to obtain their consent to remove.  See Langer v. Dollar Tree Distribution, Inc., EP-23-CV-00189-DCG, 2023 WL 4940518, *5-*6 (W.D. Tex. August 2, 2023) (citing Ziegler v. Subalipack (M) SDN BHD, No. CV 16-2598, 2017 WL 2671148, at *2-*3 (S.D. Tex. June 21, 2017) (holding that removal was not procedurally defective and that non-removing defendant's consent was not required because the state court record did not contain a Whitney certificate).  See also Thompson v. Deutsche Bank National Trust Co., No. 4:13-CV-035-Y, 2013 WL 12137755, at *2 (N.D. TEX. June 19, 2013), aff'd 775 F.3d 298 (5th Cir. 2014) (acknowledging that absent a certificate from the Secretary of State in the state court record demonstrating that the Secretary actually forwarded process to the defendant, service was ineffective).

2.     Allstate Failed to Serve Useong (Korea) as Required by the Hague Service Convention

As an alternative to service through the Texas Secretary of State, Allstate alleges that "Useong [(Korea)] may be served with process through the Republic of Korea's designated Central Authority under the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (commonly referred to as the 'Hague Service Convention')."[18]   LG Electronics' Notice of Removal asserts that

> Defendant USEONG Electro Mechanics Co., Ltd. ("USEONG Korea"), although not properly served in this action, is a citizen of the Republic of Korea.  Defendant USEONG Korea's consent to this removal is not required because it has not been properly served with state court process through the Hague Service Convention and is therefore not before the Court.[19]

Allstate's Motion to Remand neither argues that Useong (Korea) was properly served with process through the Republic of Korea's Central Authority pursuant to the Hague Service Convention before LG Electronics filed its Notice of Removal, nor cites any evidence capable of establishing that Useong (Korea) had been properly served pursuant to the Hague Service Convention before this action was removed.  Instead, Allstate admits that "Useong [(Korea)] was in the process of being served under the Hague Service Convention when this case was removed, but the return of service has yet to

---

[18]Plaintiff's Original Petition, Exhibit 2 to Notice of Removal, Docket Entry No. 1-3, p. 9.

[19]Notice of Removal, Docket Entry No. 1, p. 2 ¶ 4.

come back from the Republic of Korea's Central Authority."[20] Because Allstate fails to establish that Useong (Korea) had been properly served with process through the Republic of Korea's Central Authority before LG Electronics removed this action to federal court, LG Electronics was not required to obtain consent to remove from Useong (Korea).   See 28 U.S.C. § 1446(b)(2)(A) (requiring the removing defendant to obtain consent from all other "properly joined and served" defendants).

3.    Allstate Failed to Serve Useong (Thailand)

In its Motion to Remand Allstate argues that

    [e]ven if the Court were to find that service on the
    secretary of state was not permitted, or did not trigger
    the unanimity rule, at a minimum, LG was required to
    obtain Useong (Thailand)'s consent to removal because
    Useong (Thailand) was independently served with process
    on November 2, 2023, by International Registered
    Mail/Return Receipt Requested.[21]

Allstate explains that

    Stephanie Sizemore, a private process server, . . .
    mailed a copy of the Citation and Plaintiff's Original
    Petition to Useong (Thailand) by Registered Mail/RRR on
    October 19, 2023. . . And, according to the Return, the
    printout from the United States Postal Service[,] . . .
    these documents were delivered to the addressee [Useong
    (Thailand)] on November 2, 2023, at 11:18 a.m.[22]

---

[20]Plaintiff's Motion to Remand, Docket Entry No. 8, p. 1 n. 1.

[21]Id. at 5.

[22]Id. at 5-6 (citing Exhibit 5, Docket Entry No. 8-5).

Assuming without deciding that Useong (Thailand) was properly served on November 2, 2023, as Allstate argues, the court concludes that LG Electronics was not required to obtain Useong (Thailand)'s consent to removal.  The only return of service in the state court record on the date of removal was the Return showing that the citation and Plaintiff's Original Petition had been delivered to the Texas Secretary of State on October 19, 2023.  For the reasons stated above in § II.B.1, the court has already concluded that service upon the Texas Secretary of State was insufficient.  The state court record attached to LG Electronics' Notice of Removal contains no evidence that Useong (Thailand) was independently served with process on November 2, 2023.  Allstate neither argues that the state court record attached to LG Electronics' Notice of Removal was incomplete nor cites any evidence showing that LG Electronics could have known or been expected to know that service of process had been made upon Useong (Thailand) before Allstate filed its Motion to Remand on January 2, 2024.  Therefore, the court concludes that LG Electronics was not required to obtain Useong (Thailand)'s consent to removal.  See Ziegler, 2017 WL 2671148, at *3 (holding that removing defendant who could not have known or been expected to know on the day of removal, that service of process had been made upon non-removing defendant was not required to obtain non-removing defendant's consent to removal).

## III.  Conclusions and Order

For the reasons stated in § II, above, the court concludes that LG Electronics' Notice of Removal was not procedurally defective.  Accordingly, Plaintiff's Motion to Remand (Docket Entry No. 8) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 12th day of January, 2024.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE